[Crim. No. 9922. Fourth Dist., Div. Two. Aug. 22, 1978.]

In re ROBERT MORENO PEREZ on Habeas Corpus.

COUNSEL

Malcolm S. MacMillan, Public Defender, and James E. Herman, Deputy Public Defender, for Petitioner.

Byron C. Morton, District Attorney, Don R. Inskeep, Chief Deputy District Attorney, and Jeffrey J. Prevost, Deputy District Attorney, for Respondent.

## Opinion

**MORRIS, J.**—Petitioner, Robert Moreno Perez, seeks a writ of habeas corpus. Following a denial by this court, petitioner applied to the California Supreme Court, and that court issued an order to show cause returnable to this court.

Following his conviction by a jury of misdemeanor drunk driving (Veh. Code, § 23102, subd. (a)), petitioner was sentenced to 120 days in the Riverside County jail, a fine of $500 including penalties, and suspension of his driver's license and privileges for 6 months. Petitioner appealed to the superior court where his judgment was affirmed.

Petitioner contends that (1) the trial court imposed a greater sentence because of petitioner's election to plead not guilty and demand a jury trial, (2) the trial court arbitrarily denied probation, and imposed an additional sentence based solely upon the court's conclusion that petitioner had perjured himself without according petitioner a trial thereon in violation of numerous constitutional rights including due process, and (3) the sentence imposed constituted cruel and unusual punishment in violation of California Constitution, article I, section 17.

All of petitioner's contentions except the contention that the sentence imposes cruel and unusual punishment are based upon a statement made by the trial court at the time of sentencing. We have no transcript of the trial. However, the court's statement was alleged in the petition herein and admitted in the return to the order to show cause as follows: "The court stated that the reason for the sentence was because the court felt beyond a reasonable doubt that Mr. Perez had perjured himself and had brought in a witness who had also committed perjury. The court felt that the jury agreed because of the fifty minute verdict."

We find nothing in this statement or in the record of the proceedings to suggest that the sentence was enlarged because of petitioner's plea of not guilty and decision to stand trial. Therefore, the authorities cited to the effect that a trial court cannot impose a more severe punishment because of a defendant's assertion of his right to a jury trial, while absolutely sound, have no application to the facts of the instant case.

It is otherwise with respect to petitioner's contention that his sentence was augmented because of the court's belief that he had committed and

suborned perjury. There are two ways in which the courts have given consideration to a defendant's perjury on the witness stand in pronouncing judgment, and both require comment: (1) the imposition of additional punishment for the independent substantive offense of perjury, and (2) the denial of probation or the imposition of a lengthier sentence because a defendant's willingness to commit perjury reflects adversely upon his prospects for rehabilitation.

The first clearly violates due process. When there has been no charge of perjury or conviction for that crime, due process would be denied if additional punishment were inflicted for that crime. (*Poteet* v. *Fauver* (3d Cir. 1975) 517 F.2d 393; *Scott* v. *United States* (D.C.Cir. 1969) 419 F.2d 264, 268-269.) Although the cases just cited seem also to hold that no consideration of perjury should enter into the trial court's consideration at sentencing, the weight of authority is to the effect that a defendant's perjury may be considered so long as consideration is limited to its reflection upon the character of the defendant and his prospects for rehabilitation. For a marshaling of these authorities see *United States* v. *Hendrix* (2d Cir. 1974) 505 F.2d 1233, 1236 (cert. den., 423 U.S. 897 [46 L.Ed.2d 130, 96 S.Ct. 199]).

The United States Supreme Court has recently resolved the apparent conflict between holdings of the various federal courts, and has reaffirmed against a due process challenge the authority of a sentencing judge to take into account a defendant's false testimony in evaluating the defendant's personality and prospects for rehabilitation. (*United States* v. *Grayson* (1978) 438 U.S. 41, 54-55 [57 L.Ed.2d 582, 592-593, 98 S.Ct. 2610].) In holding that such evaluation is constitutionally permissible the Supreme Court approved and adopted the rationale of *United States* v. *Hendrix,* and rejected *Poteet* v. *Fauver* and *Scott* v. *United States* to the extent they prohibit any consideration of a defendant's readiness to lie under oath in assessing his prospects for rehabilitation.

The United States Supreme Court found most persuasive the following analysis in the *Hendrix* opinion: " 'The effort to appraise "character" is, to be sure, a parlous one, and not necessarily an enterprise for which judges are notably equipped by prior training. Yet it is in our existing scheme of sentencing one clue to the rational exercise of discretion. If the notion of "repentance" is out of fashion today, the fact remains that a manipulative defiance of the law is not a cheerful datum for the prognosis

a sentencing judge undertakes . . . . Impressions about an individual being sentenced—the likelihood that he will transgress no more, the hope that he may respond to rehabilitative efforts to assist with a lawful future career, the degree to which he does or does not deem himself at war with his society—are, for better or worse, central factors to be appraised under our theory of "individualized" sentencing. The theory has its critics. While it lasts, however, a fact like the defendant's readiness to lie under oath before the judge who will sentence him would seem to be among the more precise and concrete of the available indicia.' *United States* v. *Hendrix,* 505 F.2d 1233, 1237 (1974)." (*United States* v. *Grayson, supra,* 438 U.S. 41, 51 [57 L.Ed.2d 582, 590].)

■ We agree with the *Grayson* and *Hendrix* courts that the manipulative defiance of the law demonstrated by perjury and subornation of perjury is not conducive to an optimistic prognosis regarding a defendant's rehabilitation. Moreover, we are satisfied that the proper consideration of a defendant's flagrant untruthfulness under oath as one element in determining the defendant's amenability to rehabilitation is not violative of due process under the California Constitution.

Although not applicable to misdemeanor sentencing, the new California Rules of Court (title 2, div. 1-A) applicable in superior court recognize the validity of such criteria. Rule 414(d)(9) lists whether the defendant is remorseful among the criteria affecting probation, and rule 421(a)(6) lists subornation of perjury as a circumstance in aggravation.

It should be emphasized that the permissible sentencing practice is subject to two very strict limitations. First the sentencing judge must be very sure that the testimony contained willful and material falsehoods, and second, the judge must not confuse the permissible evaluation process with the impermissible practice of increasing the sentence in order to punish for perjury.

The United States Supreme Court recognized the need for caution in the following statement in *United States* v. *Grayson, supra,* 438 U.S. 41, at page 55 [57 L.Ed.2d 582, at page 592]. "Grayson's further argument that the sentencing practice challenged here will inhibit exercise of the right to testify truthfully is entirely frivolous. That argument misapprehends the nature and scope of the practice we find permissible. Nothing we say today requires a sentencing judge to enhance, in some wooden or reflex

fashion, the sentences of all defendants whose testimony is deemed false. Rather, we are reaffirming the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine—with a consciousness of the frailty of human judgment—whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society. Awareness of such a process realistically cannot be deemed to affect the decision of an accused but unconvicted defendant to testify truthfully in his own behalf."

We would add one procedural safeguard. Because the consideration of perjury in the appraisal of a defendant's character runs the risk of being improperly expanded to support the imposition of punishment for the perjury itself, we think it is incumbent upon a trial judge who injects the subject of perjury into the sentencing process expressly to state the sense in which it has been considered, or such sense should otherwise clearly appear from the record.

In the absence of any clarifying language, the statement that petitioner's perjury and subornation of perjury is the "reason" for the sentence suggests that the sentence was imposed or made more severe in order to punish the petitioner for those acts. Since no charge of perjury had been filed, and petitioner did not stand convicted of such offense, such sentence would violate due process.

In view of the above conclusion, it is necessary for the matter to be returned to the trial court for resentencing. Therefore, it is unnecessary for us separately to consider petitioner's contention that probation was arbitrarily denied. Upon his reappearance in the municipal court for pronouncement of judgment, that court will have the power to consider, and discretion to grant or deny, an application for probation.

Petitioner contends that the sentence imposed herein violates the cruel and unusual punishment clause of the California Constitution, article I, section 17, because it is " 'an extraordinary penalty for a crime of ordinary gravity committed under ordinary circumstances.' " (*In re Rodriguez* (1975) 14 Cal.3d 639, 653 [122 Cal.Rptr. 552, 537 P.2d 384].)

The argument on this issue borders on the frivolous. Petitioner does not contend that the maximum term fixed by statute is excessive, nor could he successfully make such contention. (See *People* v. *Wingo* (1975) 14 Cal.3d 169, 182 [121 Cal.Rptr. 97, 534 P.2d 1001], for the appropriate test.) Petitioner's contention rests on the arguments that a municipal court judge's discretion to set a sentence anywhere within the limits mandated by the Legislature is analogous to the discretion formerly asserted by the Adult Authority under the indeterminate sentencing law and that a sentence is unconstitutionally excessive, even when within a constitutional statutory maximum, if it is disproportionate to the individual offender's culpability.

Petitioner then proceeds to argue that because his sentence—120 days, $500 fine and 6 months suspension of license—is disproportionate to standard sentences meted out to "first-time drunk drivers in Riverside Municipal Court," which he contends is either a $190 fine with attendance at the UCR Drunk Driving Classes or a $315 fine and 3 years summary probation. Even assuming the accuracy of petitioner's statement, the statement does not encompass all of the factors that may properly be considered by a trial judge in passing sentence. Moreover, petitioner has failed to bring before this court a sufficient record to determine whether he is in the class of the normal "first-time drunk drivers." However, an admitted allegation in the petition reveals that defendant had "some prior narcotics violations," nature unknown except that they had resulted in his having a parole officer who testified on his behalf, and he had two speeding tickets. This is hardly proof that petitioner is in a category entitling him to consideration as a first offender.

Petitioner has so dismally failed to show that the sentence in this case was disproportionate, that no issue of abuse of discretion appears. We do not therefore even approach an issue of constitutional proportion in regard to the alleged unusual nature of the punishment in this case.

For the reasons heretofore stated the writ is granted, the return to the order to show cause shall stand as the return to the writ, and the sentence entered on June 2, 1977, is set aside, and petitioner is ordered to appear in the municipal court to be arraigned for pronouncement of judgment. Upon such arraignment the municipal court will have power to consider, and discretion to grant or deny, an application for probation, if petitioner

so requests, and will have the power and the duty to pronounce judgment for the offense of which petitioner stands convicted but, by reason of this order, not sentenced.

Gardner, P. J., and Tamura, J., concurred.