[No. F015130. Fifth Dist. May 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JORGE O.B. MONTANO et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and parts I, II.A, IV, V, VI and VII of the Discussion.

**COUNSEL**

Jim Fahey and Jesse Cordova, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attonrey General, Michael J. Weinberger and Thomas Y Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—In separate jury trials, appellants Jorge O. B. Montano, also known as George Montano, and Vicente Saldias, Jr., were convicted of offering to transport or sell cocaine, a violation of Health and Safety Code sections 11055, subdivision (b)(6), and 11352 (count 1), and conspiracy to transport or sell cocaine, a violation of Penal Code section 182, subdivision (a)(1) (count 2). Saldias was also convicted of resisting and/or obstructing a peace officer in the performance of his duties, a violation of Penal Code section 148 (count 4).

Montano was denied probation and sentenced to the midterm of four years on count 1 and to the midterm of four years on count 2, which was then stayed pursuant to Penal Code section 654. Montano was given credit for 131 days' time served and 64 days' good conduct credit. He was also ordered to pay $200 to reimburse the county for the cost of preparing the probation report.

Saldias was denied probation and sentenced to the midterm of four years on count 1 and the midterm of four years on count 2. The term on count 2 was stayed pursuant to Penal Code section 654. A six-month jail term was imposed on count 4 to be served concurrent to the term imposed on count 1.

Montano and Saldias raise separate and different issues on appeal. We reject all their contentions except Montano's claim that he was improperly ordered to pay $200 as reimbursement for the cost of preparing his probation report.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

*Issues raised by Montano*

I.   *Instruction on Entrapment Defense**

. . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 118.

II. *Sentencing Error*

Montano challenges the trial court's reasoning when imposing sentence.

■ It is well established that the trial court has broad discretion when it comes to sentencing. (*People* v. *Warner* (1978) 20 Cal.3d 678, 683 [143 Cal.Rptr. 885, 574 P.2d 1237].) A reviewing court is entitled to presume the sentencing court properly exercised its discretion in imposing sentence absent evidence to the contrary. (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65]; *People* v. *Martinez* (1985) 175 Cal.App.3d 881, 896 [221 Cal.Rptr. 258].)

A. *Sophistication, Planning, and Premeditation**

. . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Perjury*

■ Montano argues the trial court improperly considered his perjury at trial as an aggravating factor when imposing sentence.

■ "A trial court's conclusion that a defendant has committed perjury may be considered as one fact to be considered in fixing punishment as it bears on defendant's character and prospects for rehabilitation." (*People* v. *Redmond* (1981) 29 Cal.3d 904, 913 [176 Cal.Rptr. 780, 633 P.2d 976].) To give a harsher sentence because of an uncharged offense for which there is no conviction, however, violates due process. (*United States* v. *Grayson* (1978) 438 U.S. 41, 54-55 [57 L.Ed.2d 582, 592, 98 S.Ct. 2610].) Therefore, consideration of a defendant's perjury at trial is limited to its reflection upon the character of the defendant and his or her prospects for rehabilitation. (*Ibid.*)

■ Montano claims there is an additional requirement—a sentencing court using a defendant's perjury as an aggravating factor must expressly state its reasoning on the record. Montano's position is supported by a single case, *In re Perez* (1978) 84 Cal.App.3d 168 [148 Cal.Rptr. 302]. *Perez* holds that in order to ensure a sentencing court is not violating the rule set forth in *Grayson*, the trial court must state on the record in what sense the perjury is being considered. (*In re Perez, supra*, at p. 172.) Failure to do so requires remand. This court, of course, is not bound by *Perez*.

*People* v. *Redmond, supra*, 29 Cal.3d 904 cites *Perez* with approval but does not adopt *Perez*'s procedural "safeguard." *Redmond* states only that the

*See footnote, *ante*, page 118.

trial court's explanation was specific in its reasons for its sentencing choice and that defendant's perjury was properly considered. (*Redmond, supra*, at pp. 913-914.)

No other court has applied the *Perez* requirement of an affirmative, on record statement that a defendant's perjury was considered only for its reflection upon the defendant's character and amenability to rehabilitation. We believe the requirement is too stringent and conflicts with the presumption that a judgment or order of the lower court is correct. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, pp. 276-277; 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3203, p. 3960.) In our view, unless the record affirmatively shows the lower court used the fact of the defendant's perjury for an impermissible purpose, the reviewing court should presume it was used for the permissible purpose.

The approach we favor was followed in *In re Lawanda L.* (1986) 178 Cal.App.3d 423 [223 Cal.Rptr. 685]. In *Lawanda L.*, there was a question as to whether the juvenile court improperly considered the minor's failure to admit the offense, her demand for a hearing, and her lying to the court. All three were cited by the juvenile court when it expressed its reasoning. When addressing the minor's right to deny the offense and demand a hearing, the appellate court stated in the absence of any clarifying language stating the perjury was the reason for the juvenile court's action, the juvenile court's comments suggested the sentence was impermissibly imposed. (*Id.* at p. 431.) Later in the opinion, however, the appellate court states consideration of the minor's perjury when declaring wardship without specifically stating a rehabilitative reason did not violate due process. The court instead assumed rehabilitation was the juvenile court's goal and that its orders were made accordingly. (*Id.* at p. 433.)

Although the *Lawanda L.* court dealt with a juvenile court proceeding and distinguished its case from adult criminal proceedings, we believe the reasoning applies equally here. A defendant's willingness to commit perjury is directly related to his or her character and amenability to rehabilitation. As the court in *Perez* stated, "perjury is not conducive to an optimistic prognosis regarding a defendant's rehabilitation." (*In re Perez, supra*, 84 Cal.App.3d at p. 172.) Since there is no constitutional requirement that the trial court state its consideration of the defendant's perjury is in the permissible sense, we see no reason to presume that the trial court acted otherwise than in accordance with the law. It is presumed in both civil and criminal proceedings that the trial court properly followed established law absent evidence to the contrary. (*Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 913 [141 Cal.Rptr. 133 [569 P.2d 727]; *People* v. *Wilshire Ins. Co.* (1976) 61

Cal.App.3d 51, 57 [132 Cal.Rptr. 19].) Thus, in the absence of evidence indicating otherwise, it appears reasonable to assume the trial court understood the limits imposed by *Grayson* and *Redmond* and acted accordingly.

Even if we were to accept Montano's argument on the perjury issue, there would be no need to remand. It is not reasonably probable, absent the alleged error, Montano would have received a different sentence. (See *People* v. *Levingston* (1982) 136 Cal.App.3d 724, 731 [186 Cal.Rptr. 417], disapproved on other grounds in *People* v. *Wright* (1987) 43 Cal.3d 399, 415 [233 Cal.Rptr. 89, 729 P.2d 280].) The two remaining and valid aggravating factors are sufficient to offset the mitigating factors identified and to justify imposition of the middle term. Moreover, it is clear from the trial court's comments at sentencing that it would do so. The court said that because of its finding that Montano gave false testimony, it would like to impose the upper term but chose the middle term instead. The comment indicates that the court actually gave little, if any, weight to the perjury factor in making its sentencing choice.

III.  *Charge for Preparation of Probation Report*

■  Montano correctly asserts the trial court impermissibly ordered that Montano reimburse the county $200 to cover the cost of preparing the probation officer's report. Respondent concedes the point.

It is well settled that the sentencing court has no inherent authority to devise ad hoc penalties for crimes. (See Pen. Code, § 12; *People* v. *Hess* (1951) 104 Cal.App.2d 642, 685 [234 P.2d 65].) Penal Code section 1203.1b, subdivision (a) provides:

"In any case in which a defendant is convicted of an offense *and granted probation*, the court, taking into account any amount which the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of probation; and of conducting the presentence investigation and preparing the presentence report made pursuant to Section 1203." (Italics added.) Thus, the court is authorized to assess against *probationers* the cost of preparing the probation officer's report. (See *People* v. *Wilson* (1982) 130 Cal.App.3d 264, 268 [181 Cal.Rptr. 658].) There is no grant of authority to impose a similar penalty on those who are *denied* probation.

Montano was denied probation and sentenced to state prison. It was error to order that he pay for the cost of preparing the probation officer's report.

IV.-VII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order directing that Montano pay the County of Kern $200 as reimbursement for the cost of preparing the probation report is stricken. The trial court is directed to amend the abstract of judgment accordingly and send a copy of the amended abstract to the Department of Corrections. In all other respects the judgments are affirmed.

Best, P. J., and Stone (W. A.), J., concurred.

A petition for a rehearing was denied June 1, 1992, and appellants' petition for review by the Supreme Court was denied July 29, 1992.

---

*See footnote, *ante,* page 118.