[No. A059432. First Dist., Div. Five. Aug. 6, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN EMMETT HOWARD, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III(B) and III(C).

**COUNSEL**

David J. Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Martin S. Kaye and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KING, J.**—

## I. INTRODUCTION

In this case we hold that when imposing an aggravated sentence on the ground the defendant committed perjury at trial, the sentencing court is constitutionally required to make on-the-record findings as to all the elements of a perjury violation.

John Emmett Howard appeals from a judgment of conviction for forcible oral copulation (Pen. Code, § 288a, subd. (c)) and sexual battery (Pen. Code, § 243.4, subd. (d)). We conclude the court did not give an adequate statement of reasons in imposing an upper term of imprisonment, but we affirm because the error was harmless.

## II. BACKGROUND

On July 7, 1992, Howard, driving a van, picked up 17-year-old Jocelyn J. as she was hitchhiking in Arcata. Past Crescent City, he turned onto a small road. Jocelyn became scared and asked to be let out. Howard pulled off the road, stopped, and at Jocelyn's request removed her belongings from the van.

Jocelyn walked back toward the road, but Howard grabbed her shoulder and said, "I think you owe me something for the ride." Jocelyn repeatedly said she had to go, but Howard said he wanted to feel her breasts as payment for the ride. When she screamed, he hit her in the face and put his hand over her mouth. He then led her to some bushes, where he lifted her clothing and touched her breasts. At some point he had his arm around her throat, causing bruises there. Fearing he would try to have intercourse, Jocelyn said she was pregnant. Howard then forced her to fondle his genitals and copulate him orally.

Afterward, Jocelyn walked to the road and Howard drove off toward Crescent City. Jocelyn, in a state of hysteria, stopped several passing vehicles and told one driver, an off-duty deputy sheriff, that she had been raped. The officer noticed some redness on her lower lip, nose and cheek, as if she had been struck. Howard was apprehended later that evening as he drove his van near a Crescent City shopping center.

Howard testified at trial and offered the following version of the incident: Jocelyn asked to be let out of the van past Crescent City. When he stopped, she said she wanted to set up camp there for the night. He asked if she wanted help setting up her tent. She declined, but offered him "a blow job for getting her that far." He refused, but when she offered again he accepted. They went to the bushes for privacy. Jocelyn exposed her breasts, fondled him, and then copulated him orally, asking him not to ejaculate into her mouth. Afterward, Jocelyn declined Howard's offer of a ride to Grants Pass, and he left for Crescent City.

A jury convicted Howard of forcible oral copulation and sexual battery. The court imposed the upper term of eight years imprisonment for forcible oral copulation, stating three reasons for selecting the upper term: (1) Howard had committed perjury in testifying at trial, (2) this incident and a recent prior offense indicated he was a serious danger to society, and (3) Howard's prior convictions were of increasing seriousness. The court also imposed a concurrent term of six months for sexual battery.

### III. AGGRAVATED SENTENCE

#### A. *Perjury*

 In citing Howard's perjury as an aggravating factor, the court said the jury verdict demonstrated "an implied finding by the jury beyond a reasonable doubt that the defendant did, in fact, commit perjury in the giving of his testimony at trial." The court concluded, "I find that his testimony was perjury and the jury apparently also found that." Howard contends this statement of the court's reasoning was constitutionally inadequate.

 It is settled, under both federal and state law, that a court may enhance a defendant's sentence upon finding the defendant committed perjury at trial. The United States Supreme Court recently held that such enhancement is constitutionally permissible; it furthers legitimate sentencing goals relating to the principal crime, including retribution and incapacitation. (*U.S.* v. *Dunnigan* (1993) 507 U.S. __ [122 L.Ed.2d 445, 450, 455, 113 S.Ct. 1111, 1113, 1118].) The California Supreme Court previously held, "A trial court's conclusion that a defendant has committed perjury may be considered as one fact to be considered in fixing punishment as it bears on defendant's character and prospects for rehabilitation." (*People* v. *Redmond* (1981) 29 Cal.3d 904, 913 [176 Cal.Rptr. 780, 633 P.2d 976]; see Cal. Rules of Court, rule 421(a)(6) [illegal interference with judicial process as aggravating factor].) In contrast, if a sentence enhancement amounts to punishment for an uncharged perjury offense for which there is no conviction, as

opposed to reflecting legitimate sentencing considerations such as retribution, incapacitation, character and prospects for rehabilitation, it violates due process. (*United States* v. *Grayson* (1978) 438 U.S. 41, 54-55 [57 L.Ed.2d 582, 592, 98 S.Ct. 2610]; *People* v. *Montano* (1992) 6 Cal.App.4th 118, 121 [8 Cal.Rptr.2d 136].)

There is a split of California authority as to whether a court using perjury as an aggravating factor must expressly state its reasoning on the record. The court in *In re Perez* (1978) 84 Cal.App.3d 168, 173 [148 Cal.Rptr. 302], held that in order to avoid the risk of unlawful punishment for an uncharged offense, the judge must state "the sense in which [the perjury] has been considered, or such sense should otherwise clearly appear from the record." The court in *People* v. *Montano, supra,* 6 Cal.App.4th at pages 121-122, rejected this aspect of *Perez* and found no requirement of a special statement of the judge's reasoning.

The *Montano* opinion explained: "No other court has applied the *Perez* requirement of an affirmative, on record statement that a defendant's perjury was considered only for its reflection upon the defendant's character and amenability to rehabilitation. We believe the requirement is too stringent and conflicts with the presumption that a judgment or order of the lower court is correct. [Citations.] In our view, unless the record affirmatively shows the lower court used the fact of the defendant's perjury for an impermissible purpose, the reviewing court should presume it was used for the permissible purpose." (*People* v. *Montano, supra,* 6 Cal.App.4th at p. 122.)

*Montano* is persuasive, being in accord with the most fundamental presumption underlying appellate review, the presumption of correctness. But independent of *Montano* and *Perez*, the subsequent decision in *U.S.* v. *Dunnigan, supra,* 507 U.S. __ [122 L.Ed.2d 445, 113 S.Ct. 1111], imposed its own requirement of a statement of reasoning.

The court in *Dunnigan* observed that an enhancement for perjury should not necessarily result from the conviction of a defendant who testified at trial. "[A]n accused may give inaccurate testimony due to confusion, mistake or faulty memory. In other instances, an accused may testify to matters such as lack of capacity, insanity, duress or self-defense. Her testimony may be truthful, but the jury may nonetheless find the testimony insufficient to excuse criminal liability or prove lack of intent." (*U.S.* v. *Dunnigan, supra,* 507 U.S. at p. __ [122 L.Ed.2d at p. 454, 113 S.Ct. at p. 1117].)

Citing federal sentencing rules, *Dunnigan* concluded that, "For these reasons, if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same . . . ." (507 U.S. at p. ___ [122 L.Ed.2d at p. 454, 113 S.Ct. at p. 1117], citing U.S. Sentencing Guidelines, § 6A1.3; Fed. Rules of Criminal Procedure, rule 32(a)(1) [judicial finding required as to defendant's allegation of factual inaccuracy in presentence investigation report].) It is preferable for the district court to "address each element of the alleged perjury in a separate and clear finding," but it is sufficient if the court "makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." (*U.S.* v. *Dunnigan, supra,* 507 U.S. at p. ___ [122 L.Ed.2d at p. 454, 113 S.Ct. at p. 1117].)

Are the *Dunnigan* findings constitutionally required, or are they simply a function of the federal sentencing rules and required only in federal district courts? The reasoning in *Dunnigan* indicates the requirement is constitutionally based. The defendant in *Dunnigan* argued that an enhancement for perjury undermines the constitutional right to testify, due to the risk of enhancement without regard to the truth. (507 U.S. at p. ___ [122 L.Ed.2d at p. 454, 113 S.Ct. at p. 1117].) The court responded, "The concern that courts will enhance sentences as a matter of course whenever the accused takes the stand and is found guilty is dispelled by our earlier explanation that if an accused challenges a sentence increase based on perjured testimony, the trial court must make findings to support all the elements of a perjury violation in the specific case." (*Id.* at p. ___ [122 L.Ed.2d at p. 455, 113 S.Ct. at p. 1118].)

Thus, the requirement of findings provides protection against violation of the right to testify, which "does not include a right to commit perjury." (507 U.S. at p. ___ [122 L.Ed.2d at p. 454, 113 S.Ct. at p. 1117].) An adequate explanation by the sentencing judge, sufficient to ensure against a constitutional violation, will indicate that the enhancement is properly based on untruthfulness.

We conclude that, pursuant to *Dunnigan*, when imposing an aggravated sentence because of perjury at trial, the sentencing judge is constitutionally required to make on-the-record findings encompassing all the elements of a perjury violation. In California, those elements are a willful statement, under oath, of any material matter which the witness knows to be false. (Pen. Code, § 118.)

The court in the present case made no such findings. The court said nothing about the specific elements of perjury, but merely *concluded*

Howard had committed perjury, noting the jury had evidently so decided in convicting him. In this respect, there was federal constitutional error.

The error, however, does not require reversal. This is not a situation in which the defendant might have given inaccurate testimony "due to confusion, mistake or faulty memory" or testified "to matters such as lack of capacity, insanity, duress or self-defense." (*U.S.* v. *Dunnigan*, *supra*, 507 U.S. at p. __ [122 L.Ed.2d at p. 454, 113 S.Ct. at p. 1117].) The sole issue for the jury to decide was whether Jocelyn or Howard testified falsely. Jocelyn claimed Howard demanded and then forced her to perform an act of oral copulation in exchange for giving her a ride; Howard claimed Jocelyn offered and then willingly performed the act. Someone was lying. In closing arguments, the prosecutor asserted Howard's testimony was "unbelievable" and "full of lies," while defense counsel claimed "there's too many inconsistencies in [Jocelyn's] story to be innocent misrecollections." The judge correctly observed that in convicting Howard, the jury necessarily decided he was the liar. The court's own conclusion that there was perjury likewise could only have been based on a finding that Howard had been untruthful. There was no other basis for rejecting his testimony.

Consequently, despite the absence of the findings prescribed by *Dunnigan*, the record provides adequate assurance that there was no violation of the constitutional right to testify—i.e., that the court's reliance on perjury as an aggravating factor was properly based on untruthfulness. The court's omission was harmless beyond a reasonable doubt. (*Chapman* v. *California* (1967) 386 U.S. 18, 36 [17 L.Ed.2d 705, 717, 87 S.Ct. 824].)

We conclude this discussion by making clear, as did the *Dunnigan* court, that an aggravated sentence should not be imposed routinely simply because the jury, by convicting the defendant, obviously did not accept his or her testimony. We are particularly concerned because in so many cases, as is true here, the only evidence before the jury is the conflicting testimony of the victim and the defendant. The routine use of perjury as an aggravating factor in such cases would violate due process by chilling the defendant's constitutional right to testify. We are satisfied that California trial judges will exercise restraint in using perjury as an aggravating factor. Requiring the trial court to make findings as to the elements of perjury will assure that the imposition of an aggravated sentence because of perjury will be restricted to those cases where perjury has clearly been committed.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV. DISPOSITION

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.

A petition for a rehearing was denied August 31, 1993, and the petitions of both respondent and appellant for review by the Supreme Court were denied October 21, 1993.

*See footnote, *ante*, page 999.