Filed 12/20/21  P. v. Espino CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE ESPINO,<br><br>    Defendant and Appellant. | A160602<br>(San Mateo County<br>Super. Ct. Nos. SC051474A,<br>SF381780A)<br><br>ORDER MODIFYING<br>OPINION<br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 16, 2021, be modified as follows:

1. On page 3, lines 1 and 3 of footnote 3, replace the name "Esposito's" to "Espino's."

2. On page 6, at the beginning of line 11, replace the name "Espinoza" to "Espino."

There is no change in judgment.

Date: _____         _____ P.J.

Filed 12/16/21  P. v. Espino CA1/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE ESPINO,<br><br>    Defendant and Appellant. | A160602<br><br>(San Mateo County<br>Super. Ct. Nos. SC051474A,<br>SF381780A) |

Defendant Jorge Espino appeals from the trial court's sentencing order that imposed a four-year jail term after he pled no contest to attempted grand theft and multiple counts of forgery, plus an eight-month consecutive term based on his violation of probation from a prior case.  Espino's sole contention on appeal is that the trial court abused its discretion in imposing the consecutive term because Espino challenged whether he was the defendant in the earlier matter.  We disagree.  The record makes clear that the trial court imposed a consecutive term because Espino took the stand and perjured himself at his probation violation hearing.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2002, Espino was charged by felony complaint with commercial burglary (Pen. Code,[1] § 460, subd. (b)), forgery (§ 470, subd. (a)), and petty

_____

[1] All statutory references are to the Penal Code.

theft (§ 666) in case No. SC051474A (SC matter).  Espino pled no contest to the forgery charge and, after serving a 60-day term in jail, was placed on probation for three years.[2]  On July 31, 2002, an affidavit of probation violation was filed, alleging Espino had failed to report to probation and recommending revocation.  The court revoked his probation and issued a bench warrant for his arrest.

In November 2019, Espino was charged by felony information in a second criminal matter for grand theft (§ 487, subd. (a)), attempted grand theft (§§ 664, 487, subd. (a)), and 33 counts of forgery (§ 470, subd. (d)) in case No. SF381780A (SF matter).  Espino was alleged to have fraudulently cashed 33 checks from a local funeral home business in 2011, resulting in losses totaling $87,800.  On December 30, 2019, Espino pleaded no contest to attempted grand theft and four counts of forgery.

At the April 24, 2020 sentencing hearing, counsel for Espino requested that he be placed on probation in the SF matter.  The trial court denied the request because, among other reasons, Espino had been on probation (from the SC matter) at the time of these offenses and had absconded from probation for approximately 17 years.  It sentenced Espino to a four-year jail term:  a two-year term on the initial forgery count, consecutive eight-month terms on each of the three additional forgery counts, and a concurrent one-year term on the attempted grand theft count.

The trial court then turned to the SC matter.  Although there had been an agreement communicated to the trial court that if Espino admitted to the probation violation he would receive a two-year concurrent term, Espino requested to see a copy of the signed conditions of probation on the SC

---

[2] Espino has used several aliases, including Ramiro Alexis Penaloza, Valdemar Espino-Arroyo, and Cesar Gonzalez Reyes.  He was convicted in the SC matter under the name Ramiro Alexis Penaloza.

2

matter. Espino's counsel then stated: "Your Honor, even though I showed him the documents probation provided to me regarding the booking photo associated with this case number, and I thought we had an understanding, my client is now denying that even though it's a different name that he signed this document, the conditions of probation."

The trial court responded: "It's the Court's perception that Mr. Espino is not being truthful today and is playing games with the Court. So I'm— what I'm going to do is the sentence—so all of the promises are off, Mr. Espino. The sentence in the [SF matter], I'm withdrawing that sentence because it was based on information that is now being denied." The court recalled its sentence in the SF matter, remanded Espino to custody, and set a hearing for identification. At the May 1, 2020 identification hearing, Espino admitted that he was the defendant in the earlier SC matter. The trial court then set a hearing to determine if a probation violation had occurred in the SC matter, and for sentencing in both cases.[3]

At the June 5, 2020 hearing, the trial court first observed that the court minutes from May 8, 2002 reflected the imposition of standard conditions of probation on Espino, and that he had signed his conditions of probation on May 15th, including the condition that he keep his probation officer apprised of his physical whereabouts. Probation officer Edward Taylor testified that Espino had failed to report to probation in July 2002, despite numerous calls and letters directing him to do so. Espino testified that, during that time, he had been in custody on an immigration hold for approximately six to seven

---

[3] The trial court had already revoked Esposito's probation as part of a third criminal matter against him, and thus the court needed only to determine whether Esposito had committed a violation of probation upon which he could be sentenced.

months before being deported to Mexico. The following exchange then occurred with his counsel:

"Q: Were you released from immigration custody at some point?

"A: Yes.

"Q: When you were released, did you remember that you were supposed to check in with the probation officer?

"A: No.

"Q: Did you ever understand that you had a probation officer to check in with?

"A: No."

On cross-examination, however, Espino testified that while in immigration custody, he told his brother to call his probation officer. Based on this evidence, the trial court found that Espino had violated the terms of his probation. The court clarified that it was basing the violation on Espino's conduct prior to the filing of the affidavit on July 19, 2002.

The trial court then proceeded with sentencing. On the SF matter, it sentenced Espino to the same four-year total term as had been imposed and then recalled at the prior sentencing hearing. On the SC matter, it sentenced Espino to an eight-month term to run consecutive to the four-year term in the SF matter. It explained: "[J]ust his original answers of no to the questions of whether or not he even understood he had a probation officer, I don't find to be credible, again, because he stood there at his sentencing and was told he was going to be on probation. His probation officer met with him and went over his conditions with him. So I just don't find it at all credible that he didn't even know he had a probation officer and somebody to check in with. [¶] . . . [T]o say that, oh, I didn't even know and I didn't even know I had a probation officer, in the Court's view, is false. [¶] So I want to make very

4

clear here, it is going to be eight months consecutive, but I want to make clear this is not because Mr. Espino decided to have a hearing. I'm not—I'm not punishing him for exercising his right to have a hearing. There is nothing wrong with that."

The trial court then cited *People v. Howard* (1993) 17 Cal.App.4th 999, 1004 (*Howard*) for its holding that, when imposing an aggravated sentence based on perjury, the sentencing judge must make findings on the record that there was a willful statement made under oath of a material matter that the witness knew to be false. While expressing doubt as to whether *Howard* applied in the probation context, the court continued: "[O]bviously, it was very material to these proceedings whether or not he knew he had a probation officer, whether he knew there was an obligation to report and he testified that he did not and then he contradicted himself and said, 'Well, I told my brother to try and contact someone for me.' One of those statements is false and he knew it, and that's material to the proceedings we had here, so that's the reason I think that the eight months should be consecutive."

This appeal followed.

## DISCUSSION

"The determination of whether sentences shall be served consecutively or concurrently is a matter of discretion with the trial court, and will not be disturbed on appeal in the absence of a showing of abuse of discretion." (*People v. Graham* (1961) 198 Cal.App.2d 617, 620.) Here, Espino argues that the trial court abused its discretion in imposing the eight-month consecutive term because it was based on the court's "overreact[ion]" to his "identity dispute" at the April 24, 2020 hearing. We are not persuaded.

While the trial court may have indicated that Espino would receive a two-year concurrent term if he admitted the probation violation, Espino did

5

not make any such admission. Instead, he denied having signed the conditions of probation and denied being the defendant in the SC matter. Based on this unexpected development, the trial court recalled its sentence and proceeded with the identification and probation violation hearings. At the probation violation hearing, Espino did not admit the violation and instead testified under oath that he did not know he had a probation officer. Espino then contradicted himself by testifying that he had asked his brother to contact his probation officer. As the trial court observed, Espino's claim that he was unaware of his obligation to check in with his probation officer was willfully false, and materially so because it went to the question whether Espinoza knowingly violated a condition of his probation. This probation violation hearing—and the perjury that resulted therefrom—did not flow from any abuse of discretion by the trial court, but instead from Espino's own conduct.

Espino also argues that the trial court abused its discretion because "reasonably questioning whether you are the named defendant" and "frustrating the court" are not aggravating circumstances or factors that justify consecutive sentences under California Rules of Court, rules 4.421 and 4.425. This argument both misapprehends the rules and ignores the trial court's express reasons for imposing a consecutive term. Rules 4.421 and 4.425 provide *nonexclusive* lists of circumstances in aggravation and factors affecting concurrent or consecutive sentences. (Cal. Rules of Court, rules 4.421, subds. (a)–(b) ["Circumstances in aggravation include factors . . . ."] & 4.425 ["Factors affecting the decision to impose consecutive rather than concurrent sentences include . . . ."].) A court may also enhance a defendant's sentence upon finding that he or she committed perjury. (*Howard*, *supra*, 17 Cal.App.4th at p. 1004.) That is what the trial court did here, with on-the-

6

record findings that Espino made a willful, false statement under oath that was material to the issue of his probation violation.

In sum, we conclude that the trial court did not abuse its discretion in imposing the eight-month consecutive term.

## DISPOSITION

The judgment is affirmed.

_____
Sanchez, J.

WE CONCUR:


_____
Humes, P. J.


_____
Margulies, J.


A160602

8