[No. C040252. Third Dist. Dec. 23, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES WILLIAM ROBINSON, Defendant and Appellant.

**COUNSEL**

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, and J. Robert Jibson, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**SIMS, Acting P. J.**—Defendant James William Robinson entered a negotiated plea of guilty to robbery (Pen. Code, § 211)[1] and admitted he personally used a firearm in commission of the offense (§ 12022.53, subd. (b)). The trial court sentenced him to state prison for an aggregate term of 13 years.

The sole issue on appeal arises from the trial court's order that defendant reimburse the county for $358 in costs incurred in the preparation of the presentence probation report. (See § 1203.1b.) Defendant claims the order is unauthorized under section 1203.1b because the statute does not

---

[1]Further undesignated section references are to the Penal Code.

apply to cases in which a defendant is sentenced to state prison. We disagree and shall affirm the judgment.[2]

## DISCUSSION

Section 1203.1b provides, in pertinent part: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, *whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence,* the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report pursuant to Section 1203.7, of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203, and of processing a jurisdictional transfer pursuant to Section 1203.9 or of processing a request for interstate compact supervision pursuant to Sections 11175 to 11179, inclusive, whichever applies." (§ 1203.1b, subd. (a), italics added.) The statute sets forth additional procedures for court-ordered recovery of these expenses.

The parties emphasize different portions of the italicized language. Defendant emphasizes the reference to "any case in which a defendant is granted probation or given a conditional sentence" and claims the statute is limited to these types of cases. He cites *People v. Montano* (1992) 6 Cal.App.4th 118, 123 [8 Cal.Rptr.2d 136], which considered an earlier version of the statute. The People note, however, that the statute was amended in 1993 to include the language referring to "whether or not probation supervision is ordered by the court." (Stats. 1993, ch. 502, § 1, p. 2624.) Defendant claims the additional language merely emphasizes that the statute now applies not only to cases in which probation supervision is ordered, but also to cases in which a defendant receives a conditional sentence.

The legislative history of the 1993 amendment supports the People's interpretation of the statute.

---

[2]In a footnote, the People point out that defendant did not object in the trial court to reimbursing the county for the costs at issue. Defendant did not, however, waive his claim of error; the sentence would be unauthorized if the statute did not permit any reimbursement order in this case. (See *People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

The language added by the 1993 amendment stems from Senate Bill No. 177, introduced at the 1993-1994 Regular Session. Detailed analysis of the bill submitted to members of the Senate Judiciary Committee explains, "This bill would expand the number of cases in which defendant could be required to pay the costs of conducting a presentence investigation or preparing a presentence report, by allowing these costs to be assessed regardless of whether probation was granted. Under existing law, the costs can be assessed only when probation is granted. Under this bill, a defendant could be sent to jail or prison and still be assessed the probation department costs. [¶] Opponents contend that a person who is sent to prison would rarely have the ability to pay costs." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 177 (1993-1994 Reg. Sess.) as introduced.) The statutory amendment was also referred to more obliquely in the same analysis and in a subsequent analysis of the bill provided to the Legislature: "This bill would expand the defendant's responsibility to pay for any preplea or presentence investigation and report as well as any probation investigation and report. The bill, in addition, would expand the existing requirement to include the situation when the defendant is not placed on probation." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 177 (1993-1994 Reg. Sess.) as amended Aug. 19, 1993; Sen. Com. on Judiciary, Analysis of Sen. Bill No. 177 (1993-1994 Reg. Sess.) as introduced.)

Accordingly, the legislative history indicates the statute was meant to apply to all cases, including those in which a defendant is sentenced to state prison. As it now reads, the statute allows for recovery of costs associated with preplea or presentence investigation and reporting "[i]n any case" resulting in a conviction "whether or not probation supervision is ordered by the court." (§ 1203.1b, subd. (a).) Subsequent statutory references to probation or a conditional sentence should be read to refer to provisions including the "cost of any probation supervision or a conditional sentence" among the costs the county probation department may recover. (*Ibid.*)

In his reply brief, defendant attempts to make a fallback argument. In a footnote in his reply brief, defendant claims "the trial court's failure to find an ability to pay or to follow any of the procedures outlined in section 1203.1b provides a separate and independent basis for reversing the order herein." Defendant's belated attempt to raise this point, without supporting authority and argument, is improper and need not be considered. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481] [court need not consider claim unsupported by specific legal argument and citation of authority]; *People v. Dunn* (1995) 40 Cal.App.4th 1039, 1055 [47 Cal.Rptr.2d 638] [claim raised for first time in reply brief was untimely].) In

any event, because defendant did not object to imposition of costs of preparation of the probation report, he has waived any procedural irregularities in the trial court's order. (See *People v. Brach* (2002) 95 Cal.App.4th 571, 577-578 [115 Cal.Rptr.2d 753].)

## DISPOSITION

The judgment is affirmed.

Callahan, J., and Robie, J., concurred.