[No. F060865. Fifth Dist. Sept. 14, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
ULISES OROZCO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

---

†Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Facts and part I. of the Discussion.

## COUNSEL

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**GOMES, Acting P. J.**—A jury convicted Ulises Orozco of second degree murder (Pen. Code, § 187, subd. (a))[1] and found true an allegation that he used a deadly and dangerous weapon in the commission of the murder (§ 12022, subd. (b)(1)). The court imposed a prison term of 15 years to life with a consecutive one-year term for the weapons use enhancement. On appeal, Orozco contends (1) defense counsel was ineffective when he elicited testimony from Orozco that he had witnessed stabbings in the past, and (2) the trial court's order requiring him to pay a probation report fee pursuant to section 1203.1b was unauthorized. We affirm.

### FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory references are to the Penal Code.

*See footnote, *ante*, page 189.

## DISCUSSION

I.  *Ineffective Assistance of Counsel**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.  *Presentence Report Costs*

After sentencing Orozco to prison, the trial court ordered him to pay a $296 probation report fee pursuant to section 1203.1b within 30 days of his release on parole. Orozco contends the trial court erred in imposing this fee in that section 1203.1b does not apply to him since he was sentenced to prison rather than granted probation. The Attorney General concedes this was error and agrees this order should be stricken.

We, however, reject both Orozco's claim and the People's concession. Before its 1993 amendment, section 1203.1b, subdivision (a) provided: *"In any case in which a defendant is convicted of an offense and granted probation,* the court, taking into account any amount which the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of probation; and of conducting the presentence investigation and preparing the presentence report made pursuant to Section 1203." (Stats. 1989, ch. 1059, p. 3666, italics added.) Based on this language, this court held in *People v. Montano* (1992) 6 Cal.App.4th 118 [8 Cal.Rptr.2d 136] that the statute did not apply to a defendant who was sentenced to prison, as the statute only authorized the court to assess the cost of preparing the probation officer's report against probationers. (*Montano, supra,* 6 Cal.App.4th at p. 123.)

Section 1203.1b, subdivision (a), however, was amended in 1993 to read: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, *whether or not probation supervision is ordered by the court,* and in any case in which a defendant is granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a recommendation to the court of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report pursuant to [Section 1203.7], of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203, and of processing a jurisdictional transfer pursuant

---

*See footnonte, *ante*, page 189.

to Section 1203.9 or of processing a request for interstate compact supervision pursuant to Sections 11175 to 11179, inclusive, whichever applies . . . ." (Italics added.)

In *People v. Robinson* (2002) 104 Cal.App.4th 902 [128 Cal.Rptr.2d 619] (*Robinson*), the Third District Court of Appeal explained that this new language and the amendment's legislative history necessitated a new conclusion. We agree with *Robinson*. There, the defendant argued the statute was limited to cases in which a defendant was granted probation or given a conditional sentence, and the additional language inserted in the 1993 amendment referring to " 'whether or not probation supervision is ordered by the court' " (Stats. 1993, ch. 502, § 1, p. 2624), merely emphasized that the statute applied not only to cases in which probation supervision was ordered but also to cases in which a defendant received a conditional sentence. (*Robinson, supra*, 104 Cal.App.4th at p. 904.)

The appellate court rejected that interpretation, noting that the legislative history indicated the statute was meant to apply to all cases, including those in which a defendant is sentenced to state prison. (*Robinson, supra*, 104 Cal.App.4th at p. 905.) Specifically, a detailed analysis of Senate Bill No. 177 (1993–1994 Reg. Sess.), which added the language in the 1993 amendment, explained that the amendment " 'would expand the number of cases in which defendant could be required to pay the costs of . . . preparing a presentence report, by allowing these costs to be assessed regardless of whether probation was granted. Under existing law, the costs can be assessed only when probation is granted. Under this bill, a defendant could be sent to jail or prison and still be assessed the probation department costs.' " (*Robinson, supra*, 104 Cal.App.4th at p. 905, quoting Sen. Com. on Judiciary, Analysis of Sen. Bill No. 177 (1993–1994 Reg. Sess.) as introduced.) Moreover, other legislative analyses stated that the bill " 'would expand the defendant's responsibility to pay for any preplea or presentence investigation and report as well as any probation investigation and report. The bill, in addition, would expand the existing requirement to include the situation when the defendant is not placed on probation.' " (*Robinson, supra*, 104 Cal.App.4th at p. 905.)

The *Robinson* court concluded that the statute means what it says—it "allows for recovery of costs associated with preplea or presentence investigation and reporting '[i]n any case' resulting in a conviction 'whether or not probation supervision is ordered by the court.' (§ 1203.1b, subd. (a).) Subsequent statutory references to probation or a conditional sentence should be read to refer to provisions including the 'cost of any probation supervision or a conditional sentence' among the costs the county probation department may recover. (*Ibid.*)" (*Robinson, supra*, 104 Cal.App.4th at p. 905.)

The trial court's imposition of an order to pay the cost of the probation report within 30 days of his release on parole was not unauthorized.

## DISPOSITION

The judgment is affirmed.

Kane, J., and Poochigian, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 21, 2011, S197333. Werdegar, J., did not participate therein.