Filed 3/7/13  P. v. Delgado CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARY DELGADO,<br><br>    Defendant and Appellant. | A134860<br><br>(Contra Costa County<br>Super. Ct. No. 5-111786-0) |

Defendant Mary Delgado appeals from a judgment convicting her of possession and transportation of methamphetamine and placing her on probation. Defendant does not challenge her conviction, but contends that two fees imposed as conditions of probation must be vacated or, alternatively, that the matter be remanded for further proceedings regarding the imposition of these fees. The Attorney General argues that defendant should be subject to the contested fees, but concedes that discrepancies in the record require remand. In light of the unsatisfactory condition of the record, we shall remand the matter to the trial court to redetermine the fees to be imposed as conditions of probation and affirm the judgment in all other respects.

**Relevant Procedural History**

Defendant was charged by information with possession and transportation of methamphetamine. (Health & Saf. Code, §§ 11377, subd. (a), 11379, subd. (a).) The information also alleged one prior strike conviction (Pen. Code, §§ 67, subds. (b)-(i), 1170.12), two prior prison term commitments (Pen. Code, § 667.5, subd. (b)), and that

defendant is ineligible for probation (Pen. Code, §§ 1210.1, 1203, subd. (e)(4)). A jury found defendant guilty on both counts and the trial court found true the prior convictions.

At sentencing, the court struck the prior strike conviction, suspended imposition of sentence and placed defendant on probation. According to the reporter's transcript of the hearing, the court ordered as conditions of probation that defendant pay the cost of probation services as determined by the probation officer pursuant to Health and Safety Code section 11227.5, a drug program fee of $570 pursuant to Health and Safety Code section 11372.7, a $400 restitution fine, a $400 probation revocation fine, a probation report fee of $167, a court operations assessment of $80, and a criminal conviction assessment of $60. The clerk's minute order also includes a $190 laboratory analysis fee that was not mentioned at the hearing and indicates that the probation report fee is $176, rather than the $167 reflected in the reporter's transcript. Defendant filed a timely notice of appeal.

## Discussion

Defendant claims that the court erroneously imposed the probation report fee without determining her ability to pay the fee as required by section 1203.1b,[1] and that

---

[1] Penal Code section 1203.1b provides in relevant part: "(a) In any case in which a defendant . . . is granted probation or given a conditional sentence, the probation officer, . . . , taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of . . . conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203 . . . . The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver. [¶] (b) When the defendant fails to waive the right provided in subdivision (a) to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative."

2

there is insufficient evidence to support an implied determination that she can afford the fee. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398 ["The court's finding of the defendant's present ability to pay need not be express, but may be implied through the content and conduct of the hearings . . . [b]ut any finding of ability to pay must be supported by substantial evidence"].) She argues that this court should vacate the fee because it is not supported by substantial evidence, or alternatively, that this court should vacate the fee and remand the matter so that the trial court can comply with the statutory requirements.

Defendant also claims that the $190 laboratory analysis fee included in the minute order is unlawful because it conflicts with the court's oral pronouncement. She requests that this court strike the laboratory analysis fee from the minute order or, alternatively, that the fee be vacated and the matter remanded to the trial court for resentencing.

The Attorney General asserts that defendant has waived any challenge to the imposition of the probation report fee by failing to object at the sentencing hearing. (*People v. Robinson* (2002) 104 Cal.App.4th 902, 906 [defendant who does not object to probation report fee waives any procedural irregularities in the trial court's order]; but see *People v. Pacheco*, *supra*, 187 Cal.App.4th at p. 1397 [failure to object does not waive objection to sufficiency of the evidence to support finding of ability to pay].) Alternatively, the Attorney General argues that the implied finding of defendant's ability to pay is supported by substantial evidence including the probation department's recommendation that the fee be imposed and the statement in the probation report that defendant "supports herself with social security benefits and help from her parents." The Attorney General, however, joins defendant in asking the court to remand the matter to correct the discrepancy in the record regarding the amount of the probation report fee.

The Attorney General also argues that the trial court erred in failing to impose the laboratory analysis fee, which is mandatory under Health and Safety Code

section 11372.5, and that the matter should be remanded so that the court can properly impose this fee.[2]

Since the matter must be remanded in all events, it is not necessary to determine whether the trial court implicitly found the limited information in the probation report sufficient to establish defendant's ability to pay, or whether that limited information is in fact sufficient. We shall remand the entire matter so that the trial court may correctly and unambiguously redetermine the amount of the fees to be imposed as conditions of probation.

Although not raised in the defendant's appellate brief, we also note that section 11372.7, under which the court imposed the $570 drug program fee, requires the court to determine "whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee" and to exercise its discretion in setting the fee in an amount not to exceed $150 per violation. Since the court will be required to determine defendant's ability to pay with respect to determination of the probation report fee, a similar determination should be made with respect to the imposition of the drug program fee.

---

[2] Health and Safety Code section 11372.5, subdivision (a) provides that "Every person who is convicted of a violation of Section . . . 11377, . . . 11379, . . . shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense." (See *People v. Sharret* (2011) 191 Cal.App.4th 859, 870 [Section 11372.5 fee is mandatory insofar as it does not require a determination of the defendant's ability to pay].)

## Disposition

The judgment is remanded for redetermination of the of fees to be imposed as conditions of probation and affirmed in all other respects.

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.

5