Filed 9/4/13  P. v. Pietromonaco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DENNIS JOSEPH PIETROMONACO,<br><br>        Defendant and Appellant. | C068569<br><br>(Super. Ct. No. 107294) |

Defendant Dennis Joseph Pietromonaco appeals from an extension of his commitment as a mentally disordered offender (MDO).  The order in question, granted on April 1, 2011, extended Pietromonaco's commitment to April 1, 2012, and retroactively extended his commitment from April 1, 2009 to April 1, 2010, and April 1, 2010 to April 1, 2011.  Although the district attorney timely filed petitions to extend Pietromonaco's commitment, there were numerous continuances, primarily requested by Pietromonaco, and the hearing was not held until April 1, 2011.

He argues the court had no jurisdiction to extend his commitment after the 2008-2009 commitment expired.  We shall affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Pietromonaco was convicted of burglary following a guilty plea in 1991. In 1992, he was committed to Atascadero State Hospital as a condition of parole. The period of parole ended in 1996, after which he was recommitted as an MDO repeatedly from 1996 to April 1, 2009.

Penal Code section 2970 provides that the district attorney may petition the court for continued involuntary treatment of an MDO, following notification from the medical director of the state hospital treating the MDO that the MDO's severe mental disorder is not in remission or cannot be kept in remission without treatment.[1] If the MDO and the district attorney both waive a jury trial, the court conducts a hearing on the petition for continued treatment. (§ 2972, subd. (a).) The trial commences no later than 30 calendar days before the MDO's release date, unless the time is waived or good cause is shown. (§ 2972, subd. (a).) If the court or jury finds that the MDO still meets the requirements for commitment as an MDO, the person is recommitted for one year from the date of termination of the previous commitment. (§ 2972, subd. (c).)

On December 10, 2008, the district attorney timely filed a petition to extend Pietromonaco's MDO commitment ending April 1, 2009. Following the petition, the defense requested 22 continuances between December 19, 2008, and February 17, 2011. During this period there was one prosecution request for a continuance for the reason that the *defense* attorney was in trial on another matter. There were three joint requests for continuance--one because the prosecutor was in trial on another matter. The defense attorney repeatedly assured the court that it would be submitting Pietromonaco's waiver, and informed the court that Pietromonaco would agree to the petition to extend his commitment.

---

[1] References to a section are to the Penal Code unless otherwise stated.

No waiver of time appears in the record, and no order extending Pietromonaco's commitment was filed until the final order entered on April 1, 2011.

Following the first petition, the prosecutor filed two more petitions to extend Pietromonaco's commitment. Had there been orders extending Pietromonaco's commitment in place, the extensions both would have been timely filed.

DISCUSSION

Pietromonaco argues the trial court had no jurisdiction to extend his commitment after the prior commitment order expired. He relies for this proposition on *People v. Allen* (2007) 42 Cal.4th 91, 104, which held that the deadline for filing a petition for recommitment is mandatory and a recommitment premised on an untimely petition is invalid. This case does not involve an untimely petition. Pietromonaco conveniently neglects to cite *People v. Cobb* (2010) 48 Cal.4th 243, in his opening brief, and barely mentions it in his reply brief. *People v. Cobb* held that the trial court retains jurisdiction to conduct an extension hearing after the commitment period has ended. (*Id*. at pp. 249, 253.) Accordingly, we reject his argument that he no long fell under the MDO Act (§ 2960 et seq.) jurisdiction after his last term of commitment expired.

Perhaps recognizing that his jurisdictional argument is lost, he argues for the first time in his reply brief that there was still a due process violation based on his *personal* refusal to extend, despite the fact that nearly every continuance was requested by his own counsel, and that his counsel represented to the court that he would obtain a waiver from his client and that his client would voluntarily extend his commitment. A claim raised for the first time in a reply brief is untimely and we need not consider it. (*People v. Robinson* (2002) 104 Cal.App.4th 902, 905.) Furthermore, when the prosecution has met all of its statutory deadlines, defendant, who was represented by counsel, cannot fail to object that he is being kept past his commitment date and raise the issue for the first time on appeal. (*People v. Williams* (1999) 77 Cal.App.4th 436, 460 ["a violation of section 1382 may not be raised for the first time either on appeal or in a posttrial petition for writ

3

of habeas corpus if the defendant, who was represented by counsel, failed to object to the trial date and make a timely motion to dismiss after the applicable period expired."].)

DISPOSITION

The judgment is affirmed.

    BLEASE          , J.

We concur:

    RAYE          , P. J.

    NICHOLSON    , J.