Filed 10/9/13  P. v. West CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>MICHAEL DAVID WEST,<br><br>　　　Defendant and Appellant. | F065139<br><br>(Super. Ct. No. F11905843)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Kane, Acting P.J., Poochigian, J. and Detjen, J.

# STATEMENT OF THE CASE

On October 12, 2011, a complaint was filed, charging defendant Michael David West with attempted second degree robbery involving the personal use of a firearm (Pen. Code,[1] §§ 211, 664, 12022.53, subd. (b); count 1), second degree robbery involving the personal use of a firearm (§§ 211, 12022.53, subd. (b); count 2), and possession of a firearm by a felon (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1); count 3).[2] At arraignment, defendant pleaded not guilty to all charges.

On April 13, 2012, the parties entered into a plea agreement. Defendant waived his preliminary hearing, and his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. The court advised defendant of the consequences of an admission of guilt, including an indicated sentence of no more than 15 years 4 months in prison. The parties stipulated to a factual basis for the plea, and the court ordered the police report incorporated into and made part of the record. Defendant pled guilty to counts 1 and 2, and admitted the firearm use allegation as to each count. The court found a knowing, intelligent, and voluntary waiver of rights and guilty plea. In exchange for defendant's guilty plea, count 3, as well as six other cases defendant had pending, were dismissed on motion of the prosecutor.

On May 15, 2012, defendant was sentenced to 12 years in prison, calculated as the mitigated term of two years plus a consecutive 10 years for the firearm enhancement on count 2, with a concurrent term on count 1.[3] He was awarded custody credits of 255 days

---

[1]  All statutory references are to the Penal Code unless otherwise stated.

[2]  Ann Marie Vasquez was charged in counts 4 through 6 of the complaint. Her case is not before us on this appeal.

[3]  The original sentencing minute order and abstract of judgment contained an error in the award of time credits that the trial court subsequently corrected. Both the original and corrected documents erroneously show the court imposed a two-year term on count 1 (attempted robbery) and a concurrent 16-month term on count 2 (robbery). In reality, the

2.

total; ordered to pay a restitution fine of $2,880 pursuant to section 1202.4, court security fees of $80 pursuant to section 1465.8, subdivision (a)(1), assessment fees of $60 pursuant to Government Code section 70373, a probation report fee of $296 pursuant to section 1203.1b; and was ordered to provide prints and DNA samples pursuant to section 296, subdivision (a).[4] He filed a timely notice of appeal.[5]

## FACTS[6]

On the afternoon of October 6, 2011, defendant entered two stores and gave pharmacy personnel a note demanding all their OxyContin. In each instance, the pharmacy employee observed a handgun on top of the counter.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also

---

court imposed the two-year term on count 2 (robbery) and the 16-month concurrent term on count 1 (attempted robbery). We will order correction of this clerical error.

[4] An additional restitution fine of $2,880 was also imposed pursuant to section 1202.45, but was suspended unless parole was revoked.

The sentencing minutes and abstract of judgment incorrectly reflected a total award of 225 days credit; these documents subsequently were amended to conform to the court's pronouncement of judgment.

[5] Defense counsel filed a notice of appeal on defendant's behalf that stated the appeal was based on the sentence or other matters occurring after the plea and that did not affect the validity of the plea. Counsel did not request a certificate of probable cause. Defendant subsequently filed his own notice of appeal. Although the box was checked that stated the appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea, defendant requested a certificate of probable cause, claiming "an illegal sentence was imposed and proper representation was not provided." Insofar as the record shows, the trial court never ruled on his request.

[6] In light of defendant's early guilty plea, the facts are taken from the probation officer's report (RPO).

3.

includes the declaration of appellate counsel, stating that defendant was advised he could file his own brief with this court. By letter dated September 27, 2012, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we conclude there are no reasonably arguable legal or factual issues.[7]

## DISPOSITION

The judgment is affirmed.

The trial court is directed to cause to be prepared an amended abstract of judgment and sentencing minute order, showing imposition of a two-year base term on count 2 (violation of Pen. Code, § 211, robbery), and a 16-month concurrent base term on count 1 (violation of Pen. Code, §§ 211, 664, attempted robbery), and to transmit certified copies thereof to the appropriate authorities.

---

[7] The record shows the trial court ordered defendant to pay the probation report fee pursuant to section 1203.1b without holding a hearing to determine defendant's present ability to pay. Although the RPO recommended imposition of said fee, the record does not show the probation officer determined defendant's ability to pay or secured defendant's waiver of the right to a judicial determination thereof, as required by the statute. Defendant did not object to imposition of the fee at sentencing.

Pursuant to Government Code section 68081, we notified the parties of our tentative conclusion that defendant forfeited any claim of error by failing to object to imposition of the fee at sentencing, and afforded them the opportunity to address the issue if they desired. Neither responded.

Defendant having failed to object to imposition of the fee at sentencing, any noncompliance with section 1203.1b has been forfeited. (See, e.g., *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1069-1076; *People v. Robinson* (2002) 104 Cal.App.4th 902, 905-906; cf. *People v. McCullough* (2013) 56 Cal.4th 589, 596-597; *People v. Gamache* (2010) 48 Cal.4th 347, 409.)