Filed 11/15/13  P. v. Chadd CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LESLIE ZELMAN CHADD,<br><br>Defendant and Appellant. | F065687<br><br>(Super. Ct. No. F12300010)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Poochigian, J. and Franson, J.

Defendant Leslie Zelman Chadd pled no contest to assault by means likely to cause great bodily injury (Pen. Code, § 245, former subd. (a)(1), now subd. (a)(4))[1] and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The trial court sentenced him to four years in prison and imposed various fines and fees, including a $296 fee for a presentence probation report pursuant to section 1203.1b.  On appeal, defendant contends (1) the trial court failed to inform him of his right to contest imposition of the fee and (2) there was insufficient evidence he could afford to pay the fee.  We agree with the People that defendant has forfeited the claims by failing to object in the trial court.

## DISCUSSION

The $296 probation report fee was based on section 1203.1b, which authorizes the recoupment of certain costs incurred for the preparation of presentence investigations and reports on the defendant's amenability to probation.  (See *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1070 (*Valtakis*).)  Section 1203.1b, subdivision (b) provides in pertinent part:  "The [trial] court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative."

We conclude defendant forfeited the issue by not objecting at sentencing.  (*Valtakis, supra,* 105 Cal.App.4th at pp. 1071-1072 [§ 1203.1b probation fee].)  In *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), our Supreme Court recently held that the defendant's failure to object to the imposition of a jail booking fee (Gov. Code, § 29550.2) forfeited the claim that he lacked the ability to pay the fee.  The court concluded that the defendant's financial ability to pay the fee was a question of fact, not law.  (*McCullough*, *supra*, at p. 597.)  "Defendant may not 'transform … a factual claim into a legal one by asserting the record's deficiency as a legal error.'  [Citation.]  By

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

2.

'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' [Citations.] … [B]ecause a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Ibid.*)

The same rationale applies to presentence probation report fees. Before sentencing, defendant was in possession of the probation officer's report, which recommended that the court impose a $296 probation report fee pursuant to section 1203.1b. At the sentencing hearing, defense counsel stated defendant had received the report and had no additions, comments, or corrections to the report. When the court sentenced defendant and imposed the fee, defendant did not object to the fee and thus challenges to the fee are forfeited on appeal.

Defendant maintains that the trial court did not follow the procedures required by section 1203.1b and, as a result, he did not make a knowing and intelligent waiver of his right to a determination by the court of his ability to pay.[2] "*People v. Valtakis, supra,*

---

**2** Section 1203.1b subdivision (a), provides in pertinent part: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report …, the probation officer, or his or her authorized representative, … shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report pursuant …, of conducting any presentence investigation and preparing any presentence report made pursuant … and of processing a jurisdictional transfer pursuant … or of processing a request for interstate compact supervision …. The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the

3.

105 Cal.App.4th 1066, however, held a defendant's failure to object at sentencing to noncompliance with the probation fee procedures of section 1203.1b waives any claim of error on appeal. (105 Cal.App.4th at p. 1068.)" (*People v. Aguilar* (2013) 219 Cal.App.4th 1094, 1098 [2013 Cal.App. Lexis 753, 7]; see also *People v. Robinson* (2002) 104 Cal.App.4th 902, 905-906 [procedural irregularities waived by not objecting to imposition of probation report fee]; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469.) *Valtakis* explained: "To allow a defendant and his counsel to stand silently by as the court imposes a $250 fee, as here, and then contest this for the first time on an appeal that drains the public fisc of many thousands of dollars in court and appointed counsel costs, would be hideously counterproductive. It would also be completely unnecessary, for the Legislature has provided mechanisms in section 1203.1b for adjusting fees and reevaluating ability to pay *without an appeal* anytime during the probationary period (§ 1203.1b, subd. (c)) or the pendency of any judgment [citation]." (*Valtakis*, *supra*, at p 1076.)

Defendant acknowledges *Valtakis*, but states that its authority is uncertain while review was pending in *McCullough*. Since defendant's statement, however, *McCullough* has been decided against defendant.[3]

## DISPOSITION

The judgment is affirmed.

---

right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver."

[3] We note that *McCullough* disapproved *People v. Pacheco* (2010) 187 Cal.App.4th 1392, a case relied upon by defendant. (*McCullough*, *supra*, 56 Cal.4th at p. 599.)